### 6914. Mays v. The State.

Wade, J. 1. The evidence authorized the verdict.

2. The only special ground of the motion for a new trial which is relied on in the brief of counsel for the plaintiff in error relates to an alleged improper reference to the accused by counsel for the State in his argument to the jury. The expression objected to did not include any statement of fact or relate to extrinsic matters not introduced in evidence, but, in the opinion of the majority of the court, was within the purview of legitimate argument, under the particular facts of this case, and amounted to no more than a metaphorical allusion, deducible from the evidence.

3. The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Russell, C. J., dissents.*

Decided June 5, 1916.

Indictment for assault with intent to rape; from Taliaferro superior court—Judge Walker. September 6, 1915.

Paragraph 2 of the decision relates to the following ground of the motion for a new trial: "Because, during the argument to the jury in this case, the solicitor-general referred to the defendant in the following language: 'Just as this little girl stepped off of the train at Robinson she was grabbed by this jackass' (pointing to the defendant); whereupon the audience and large assembly in the court-room laughed and smiled their approval of this

utterance by the solicitor-general; all of which influenced and affected the jury, to the prejudice and harm of this defendant; the jury, by the facts related, obtaining the impression that the crowd in the court-room was with the State in the prosecution and wished to see the defendant convicted. Upon the utterance of this language . . counsel for the defendant . . moved the court to declare a mistrial in said case, because of the use of said language as applied to the defendant and the above-stated effects thereof. The court overruled this motion, . . and the argument of the solicitor-general continued. Said refusal of the court to declare a mistrial . . was error, in that such language by the solicitor-general and its effects adversely influenced the jury, tending to deny to defendant that orderly procedure and legitimate argument to which he is entitled by law."

From the evidence it appeared that the person upon whom it was alleged the assault was committed—a thirteen-year-old girl—left a railroad-train at Robinson to visit her aunt, that she did not know the way to her aunt's house, and the defendant offered to take her there, and took her into the woods, where he grabbed her and threw her down, and tried to pull up her clothes, that she struggled to prevent him, and screamed, and another man came to her assistance, and the defendant then desisted from his efforts. In his statement at the trial he said that he was not "guilty of what they say," but was "guilty of being with her," and that while they were together she saw the other man and began crying.

*Robert R. Gunn, Alvin G. Golucke,* for plaintiff in error.

*R. C. Norman, solicitor-general,* contra.

RUSSELL, C. J., dissenting. I dissent from the ruling of the majority of the court as to the propriety and the effect of the remarks of counsel.